Bryan Crabtree
612 W 12th Ave.
Post Falls, Idaho 83854
208-773-1459

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO
NORTHERN DIVISION

| | |
|---|---|
| **BRYAN CRABTREE**<br>*Plaintiff,*<br><br>vs<br><br>**ASSET ACCEPTANCE, LLC**<br>**MICHAEL J. DOOLITTLE**<br>**DOOLITTLE LAW CHARTERED**<br>*Defendants* | CIV 12-308-N-REB<br><br>Case No _____<br><br><br><br><br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT FOR VIOLATIONS OF THE FCRA AND FDCPA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C § 1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Bryan Crabtree, a natural person, who resides in Post Falls, Idaho.

4. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from transaction(s) in which the money, property, insurance, or services that are the subject of the transaction(s) were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

5. Defendant, MICHAEL J. DOOLITTLE, (hereinafter "Doolittle") is an attorney and a debt collector with offices at 303 S. Federal Way, Boise Idaho 83705.

6. Defendant, DOOLITTLE LAW, CHARTERED, (hereinafter "DLC") is a law firm and a debt collector with offices at 303 S. Federal Way, Boise Idaho 83705.

7. Defendant ASSET ACCEPTANCE, LLC (hereinafter "Asset Acceptance") is a debt buying and collection firm located at 28405 Van Dyke Avenue, Warren, MI 48093 with CT Corporation System, 1111 W. Jefferson, Suite 530, Boise Idaho 83702 as their registered agent in Idaho.

## VENUE

8. The occurrences which give rise to this action occurred in Kootenai County, Idaho and Plaintiff resides in Kootenai County, Idaho.

9. Venue is proper in the United States District Court, District of Idaho, Northern Division.

## GENERAL ALLEGATIONS

10. Plaintiff obtained his consumer credit reports on December 6, 2011, from the three major credit reporting agencies and discovered entries in the reports by entities that he was unfamiliar with.

11. Plaintiff determined that his consumer credit report had been obtained on various occasions by entities he did not recognize and without his consent.

12. Plaintiff determined after examination of his Experian consumer credit report that Defendant Asset Acceptance had obtained Plaintiff's Experian consumer credit report on September 10, 2010 and October 12, 2010 without his consent.

13. Plaintiff determined after examination of his TransUnion consumer credit report that Defendant Asset Acceptance had obtained Plaintiff's TransUnion consumer credit report on March 1, 2011 and November 27, 2011 without his consent.

14. Discovery of violations brought forth herein occurred on December 6, 2011, and are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

15. Plaintiff received a collection letter from Defendants Doolittle and DLC representing Asset Acceptance on or about July 16, 2011 demanding payment of a debt alleged to be owed to Citibank in the amount of $2811.22.

16. Plaintiff sent a timely demand for validation of the alleged debt dated July 21, 2011 and a demand to cease and desist from any further collection activity until validation was provided. This demand letter was sent by First Class Mail.

17. Plaintiff did not receive a response until January 17, 2012 which contained nothing more than what appeared to be some alleged statements for an account with no general ledger accounting or contract provided. There were no "verified" records provided by the person who created and maintains the records of the alleged account, and in fact, the name and capacity of the person who provided the records was absent altogether. What was provided to the Plaintiff was not, by any stretch of the imagination, validation as had been requested.

18. On February 19, 2012 Plaintiff was served with a summons and complaint in a lawsuit against him showing Asset Acceptance as the Plaintiff in said suit being represented by DLC and signed by Doolittle. This suit was demanding payment of the same alleged account that Plaintiff had received a dunning letter for where a demand for validation was made and validation was NOT provided. The continued collection actions by Asset Acceptance, DLC, and Doolittle with no validation provided was a blatant violation of 15 U.S.C. § 1692g(b).

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 BY DEFENDANT ASSET ACCEPTANCE.

19. Paragraphs 1 through 18 are re-alleged as though fully set forth herein.

20. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

21. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

22. Asset Acceptance is a debt collector within the meaning of the FCRA, 15 U.S.C. §1681a(f).

23. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

24. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally; if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

25. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant Asset Acceptance.

26. At no time did Plaintiff give his consent for Defendant Asset Acceptance, to acquire his consumer credit report from any credit reporting agency.

27. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

28. On September 10, 2010, and October 12, 2010, Defendant Asset Acceptance obtained the Experian consumer credit report of the Plaintiff with no permissible purpose and without his consent in violation of the FCRA, 15 U.S.C. § 1681b.

29. Each action of Defendant Asset Acceptance obtaining the consumer credit report of the Plaintiff with no permissible purpose, or Plaintiff's consent, was a willful violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against Defendant Asset Acceptance for statutory damages of $2000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 BY DEFENDANT ASSET ACCEPTANCE.

30. Paragraphs 1 through 29 are re-alleged as though fully set forth herein.

31. TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

32. On March 1, 2011 and November 27, 2011 Defendant Asset Acceptance obtained the TransUnion consumer credit report of the Plaintiff with no permissible purpose and without his consent in violation of the FCRA, 15 U.S.C. § 1681b.

33. Each action of Defendant Asset Acceptance in obtaining the consumer credit report of the Plaintiff with no permissible purpose, or Plaintiff's consent, was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against Defendant Asset Acceptance for statutory damages of $2000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT III

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692g(b) BY DEFENDANTS ASSET ACCEPTANCE, DOOLITTLE, AND DLC.

34. Paragraphs 1 through 33 are re-alleged as though fully set forth herein.

35. Plaintiff is a consumer within the meaning of the FDCPA § 1692a(3).

36. Defendant Asset Acceptance is a debt collector within the meaning of the FDCPA §1692a(6).

37. Defendants Doolittle and DLC are debt collectors within the meaning of the FDCPA §1692a(6).

38. On or about July 15, 2011 Plaintiff received a collection notice dated July 12, 2011 from Defendants, Asset Acceptance, Doolittle, and DLC. In a letter dated July 21, 2011, Plaintiff

made a timely demand for validation of the alleged debt, and to cease and desist from further collection activities until validation was provided. Validation of the alleged debt was not provided to the Plaintiff.

39. On or about January 20, 2012, Plaintiff received another collection notice dated January 17, 2012, from Defendants Asset Acceptance, Doolittle, and DLC. Plaintiff's demand for validation of the alleged debt had not been complied with, therefore the receipt of another demand for payment by the Defendants Asset Acceptance, Doolittle, and DLC, was a blatant violation of 15 U.S.C. § 1692g(b).

WHEREFORE, Plaintiff demands judgment for damages against each and every one of the Defendants for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

## COUNT IV

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692g(b) BY DEFENDANTS ASSET ACCEPTANCE, DOOLITTLE, AND DLC.

40. Paragraphs 1 through 39 are re-alleged as though fully set forth herein.

41. On February 19, 2012 Plaintiff was served with a summons and complaint in a lawsuit for collection of the same alleged account as previously stated herein where no validation of the alleged debt had yet been provided to the Plaintiff.

42. Continued collection actions against the Plaintiff when no validation of the alleged debt as requested had been provided by the Defendants is an obvious violation of 15 U.S.C. § 1692g(b).

WHEREFORE, Plaintiff demands judgment against each and every one of the Defendants for statutory damages of $1000.00, the amount of any judgment that may be

rendered in the state court proceedings as actual damages from the continued collection actions, any attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: June 12, 2012

Respectfully Submitted,

*Bryan D. Crabtree*
Bryan D. Crabtree
612 W 12th Ave.
Post Falls, Idaho  83854

### Acknowledgment

| State of Idaho | ) |
| County of Kootenai | ) ss. ) |

I certify that I know or have satisfactory evidence that Bryan Crabtree is the person who appeared before me, and said person acknowledged that he signed this instrument and acknowledged it to be his free and voluntary act for the uses and purposes mentioned in the instrument.

Dated this 12 day of June 2012

*Lori A. Moreland*
Signature of Notary
Notary Public in and for the State of Idaho

Residing at  NOTARY PUBLIC FOR STATE OF IDAHO
RESIDING AT POST FALLS IDAHO 83854
My Commission Expires MY COMMISSION EXPIRES ON 03-16-2017